UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANGIE RIVERS ET AL

VERSUS

UNION PACIFIC RAILROAD ET AL

CIVIL ACTION

NO. 16-673-JJB-RLB

## RULING

This matter is before the Court on a Motion to Transfer Venue (Doc. 13) brought by the Defendant, Anthony Forest Products, LLC ("AFP"). The Plaintiffs filed an Opposition (Doc. 22), and the Defendant filed a Reply (Doc. 26). Additionally, the second Defendant, Union Pacific Railroad Company ("Union Pacific"), filed a Motion to Adopt AFP's Motion to Transfer (Doc. 27). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, Union Pacific's Motion to Adopt is **GRANTED** and AFP's Motion to Transfer is **GRANTED**.

## I.    BACKGROUND

This suit has a very minimal connection to the Middle District of Louisiana. Its only connection to this district is that the Defendants' agents for service of process are located in Baton Rouge, LA.[1] This is a wrongful death suit filed by the survivors of Phillip Rivers ("Rivers"), a truck driver killed in an accident with a train operated by Union Pacific. The crossing where the incident occurred is in Plain Dealing, Bossier Parish, Louisiana, on private property owned by AFP. The Plaintiffs filed suit against both Union Pacific and AFP.

AFP claims that at the time of the accident, Rivers was acting within the scope of his employment with AimWell Timber Company ("AimWell"). Right before the accident, Rivers had

---

[1] *Union Pacific Memo.* 1, Doc. 27-1

delivered some logs to the AFP mill. AFP claims that it has an indemnity agreement with AimWell which requires AimWell to defend and indemnify AFP for claims such as those asserted by Plaintiffs. Pursuant to this indemnity agreement, AFP has asserted a third-party complaint against AimWell and its insurer, Plaza Insurance Company ("Plaza"). These Third-Party Defendants have not filed responsive pleadings yet.

Defendants AFP and Union Pacific bring a Motion to Transfer the case to the Western District of Louisiana, Shreveport Division. Defendants argue that this case should be transferred because this suit has no connection to the Middle District of Louisiana. The accident site is in the Western District, and all of the Plaintiffs and fact-witnesses are located much closer to the Shreveport Division of the Western District than they are to this Court.

The Plaintiffs oppose the Motion, but, rather than addressing the merits of the Motion, they argue that such a Motion is premature. They assert that this Court cannot consider the Motion until the Third-Party Defendants file responsive pleadings.

## II.    DISCUSSION

### A.    The *Gilbert* Factors Weigh Heavily In Favor of Transfer

While a plaintiff has the "privilege of filing his claims in any judicial division appropriate under the general venue statute [28 USC § 1391], § 1404(a) tempers the effects of the exercise of this privilege."[2] In other words, even when a plaintiff chooses an appropriate judicial division, the Court has discretion under § 1404(a) to transfer the action to another division if it determines that doing so would be more convenient for the parties and in the "interest of justice."[3]

In order to obtain a transfer, a defendant must satisfy two steps. First, the defendant must show that the sought-after forum, here the Western District of Louisiana, Shreveport Division,

---

[2] *In re Volkswagen*, 545 F.3d 304, 313 (5th Cir. 2008).
[3] 28 USC § 1404(a).

2

would have been an appropriate venue to begin with.[4] Next, the defendant must show that the sought-after forum is "clearly more convenient."[5]

To determine whether a sought-after forum is clearly more convenient, the Court must look to the *Gilbert* factors, a list of both private and public interest factors.[6] Although the *Gilbert* factors are helpful for determining whether transfer is appropriate, they are not necessarily exhaustive or exclusive.[7]

The private interest factors to consider are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive."[8] The public interest factors to consider are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws."[9]

Generally, a plaintiff's choice of forum is given great deference; however, when a plaintiff is not a resident of the chosen forum and the relevant actions giving rise to the dispute did not occur in the chosen forum, a court need not give deference to the plaintiff's choice.[10]

The Court does not give deference to Plaintiffs' choice of the Middle District of Louisiana because all of the Plaintiffs are from Zwolle, LA (68 miles from the Shreveport Division and 265 miles from the Middle District), and the accident giving rise to this action occurred in Plain

---

[4] *Id.*
[5] *In re Volkswagen*, 545 F.3d at 315.
[6] *Id.*
[7] *Id.*
[8] *Id.* (citation omitted).
[9] *Id.* (citation omitted).
[10] *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema*, 546 F.Supp.2d 451, 453 (S.D. Tex. 2008).

Dealing, LA (39 miles from the Shreveport Division and 280 miles from the Middle District).[11] Additionally, the Defendant has already satisfied the first step of the two step transfer test by showing that venue would have been appropriate in the Western District of Louisiana initially because the events giving rise to this wrongful death suit occurred in Plain Dealing which is located in the Western District.[12] Therefore, in order to determine if transfer is appropriate, this Court must look to the *Gilbert* factors.

### 1.    Private Interest Factors

The first factor, relative ease of access to sources of proof, weighs in favor of transfer. The accident site and all of the physical evidence relating to the accident are in the Western District.[13]

The second factor, the availability of compulsory process to secure the attendance of witnesses, also weighs heavily in favor of transferring the case to the Shreveport Division. The Court agrees in full with AFP's arguments in its brief.[14]

The third factor, the cost of attendance of willing witnesses, weighs in favor of transfer. *All* of the potential fact witnesses are located much closer to Shreveport than they are to Baton Rouge.[15] Witness travel costs would be much greater if trial occurs in Baton Rouge rather than Shreveport.

The fourth factor is repetitive as it asks to Court to consider the "overall convenience for the parties and witnesses."[16] For the reasons already explained above, the Shreveport Division will be much more convenient for the parties and non-party witnesses.

---

[11] *AFP Memo.* 5, Doc. 13-2.
[12] "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 USC § 1391(b)(2).
[13] *In re Volkswagen*, 545 F.3d at 316 (holding that when all of the documents, physical evidence relating to an accident, and accident site are in a certain division, this weighs in favor of transferring to that division).
[14] *AFP Memo.* 8-10, Doc. 13-2.
[15] *Id.* at 5-6 (noting the distances of all potential witnesses to Shreveport and Baton Rouge and noting that they all reside within the Western District within 100 miles of Shreveport and far more than 100 miles from this Court).
[16] *Johnson v. Union Pacific Railroad*, Civil Action No. 15-3558, 2015 WL 7777983, at *4 (E.D. La. Dec. 2, 2015).

## 2. Public Interest Factors

While three of the four public interest factors are neutral, the second public interest factor, the local interest in having localized interests decided at home, weighs heavily in favor of transfer. The Plaintiffs live near the Shreveport Division. The accident occurred in the Shreveport Division. The first responders and those who witnessed the accident all live and work in the Shreveport Division. This case's center of gravity is indisputably in the Shreveport division.

## B. This Court Can Transfer the Case Before All Parties Are Joined

The Plaintiffs do not dispute that the Shreveport Division is the center of gravity in this case. Instead, they oppose the Motion on timing grounds. Plaintiffs argue that Defendants' Motion is premature because the Third-Party Defendants have not filed responsive pleadings yet. The Court disagrees with the Plaintiffs. A federal court may consider a transfer motion before all of the parties are joined.[17]

The decision to transfer is further bolstered by the fact that, the Third-Party Defendants, AimWell and Plaza, have connections to the Western District, and have little, if any, connection to the Middle District of Louisiana. AimWell was the employer of the decedent, Mr. Rivers. The company is based in the Western District. Discovery of its records and depositions of its employees will have to be conducted in the Western District.

Additionally, as noted by AFP and Union Pacific, "AimWell and Plaza will be in the same position as AFP and Union Pacific with regard to all non-party witnesses [who are located in the Western District], such as first responders, investigating officers and former AFP employees. If the case is not transferred, AimWell and Plaza, like AFP and Union Pacific, will not be able to

---

[17] *Liberty Nat. Life Ins. Co. v. Suntrust Bank*, Civil Action No. 11-0820, 2012 WL 3849615, at *3 (N.D. Ala. Sept. 5, 2012) ("[E]ven assuming that [one of the defendants] remained unserved, [the plaintiff] has not offered *any* authority to support the proposition that a case cannot be transferred prior to service on all defendants, and the court finds that lack of service is no impediment to the current motion to transfer venue.") (emphasis in original and citation omitted); *Hanover Ins. Co. v. Paint City Contractors, Inc.*, 299 F.Supp.2d 554, 556 n. 1 (E.D. Va. 2004) ("Service of process on all named defendants is not a prerequisite to the court's power to transfer.").

subpoena non-party witnesses to trial."[18] In other words, waiting for AimWell and Plaza to respond will not alter any of the current facts about the location of evidence and witnesses. Therefore, the decision on this Motion is not premature.

## III.    CONCLUSION

The Middle District of Louisiana has a single, minimal contact with this controversy. The Defendants' authorized agents for service of process are located in Baton Rouge. Besides that contact, all of the other parties, witnesses, and physical evidence related to this dispute are in or close to the Shreveport Division. For the reasons stated above, Union Pacific's Motion to Adopt AFP's Motion (Doc. 27) is **GRANTED**, and AFP's Motion to Transfer Venue to the United States District Court, Western District of Louisiana, Shreveport Division (Doc. 13) is **GRANTED**. The Clerk of this Court shall **TRANSFER** the case to the Western District of Louisiana, Shreveport Division.

Signed in Baton Rouge, Louisiana, on January 25, 2017.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] *AFP Reply* 3, Doc. 26.